# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| GEORGE FEDE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-CV-29 JAR |
| DAN REDINGTON, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his application for writ on a court-form by placing it in the prison mailing system on April 8, 2019. On that same date, petitioner filed a motion for appointment of counsel, as well as a motion for interpreter and a motion for leave to amend his petition. The Court will address each of petitioner's motions in turn.

In petitioner's motion for appointment of counsel, petitioner asserts that he will need counsel to assist him in an evidentiary hearing in this matter, involving a purported violation of a Missouri statute regarding the propriety of the foreign-language interpreters used at petitioner's criminal trial. Petitioner also asserts that he will require an interpreter in this action to translate his testimony, as he is "a Creole-speaking person."

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex and petitioner has not alleged that he is hindered from investigating the facts of this case. Consequently, there does not appear to be a need for counsel at this juncture.

Petitioner's request for evidentiary hearing will also be denied at this time. *See* Rule 8 of the Rules Governing Section 2254 Cases. Under 28 U.S.C. § 2254(e)(2), a federal district court shall not hold an evidentiary hearing unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

At this stage of the litigation, it appears that the state court record contains sufficient facts to make an informed decision on the merits of petitioner's claims. Petitioner's claims challenge the sufficiency of the evidence before the trial court, claims of ineffective assistance of counsel at trial court and appellate proceedings and various matters of state law. Because petitioner's claims do not require further factual development and may be adequately resolved on the record, an evidentiary hearing does not appear to be necessary. For that reason, petitioner's request for evidentiary hearing will be denied without prejudice.

Petitioner's request for interpreter will also be denied. In his request for interpreter, petitioner asks that the Court grant him an interpreter to be used for an evidentiary hearing and for use "at trial." As the Court found above, there is no indication that an evidentiary hearing is

necessary at this time. Moreover, petitioner has presented an application for writ of habeas corpus in English to the Court that cogently sets forth petitioner's grounds seeking to overturn his conviction. It is not apparent, as a result, that an interpreter is necessary at this juncture of the proceedings. Petitioner's motion for appointment of an interpreter will therefore be denied.

Petitioner also seeks leave to amend his application for writ. In his motion to amend petitioner states that he wants to amend "ground one" of his petition, asserting that there was a violation of the "foreign language interpreters (breach of oath)." The Court will allow petitioner thirty (30) days to amend his petition on a court-provided form, *see* Local Rule 2.06(A). **However, he must include all of his claims on his amended petition, as the amended petition will supersede the original petition and will be the only petition the Court will construe when determining his claims.**

Moreover, because petitioner did not pay the $5 filing fee or file a motion for leave to proceed in forma pauperis, he will be required to do so within thirty (30) days of the date of this Memorandum and Order or risk dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send petitioner both a motion for leave to proceed in forma pauperis form and a § 2254 form.

**IT IS FURTHER ORDERED** that, no later than thirty (30) days from this Order, petitioner must either pay the $5 filing fee or file a motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that petitioner's motion to amend his petition [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner must fill out the § 2254 form and return it to the Court within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #2] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that petitioner's request for evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of an interpreter [Doc. #3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that petitioner fails to amend his petition in a timely manner, or pay the filing fee or file a motion to proceed in forma pauperis in a timely manner, the Court may dismiss this action without further proceedings.

Dated this 17th day of April, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE