**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| GEORGE FEDE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:19-cv-00029-JAR |
| ) | |
| DANIEL REDINGTON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner George Fede's Motion to Reconsider the Court's denial of his Motion to Appoint Counsel. (Doc. 20.) Petitioner sought appointed counsel contemporaneously with his initial Petitioner for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 2.) The Court denied that motion, concluding that "[t]his case is neither factually nor legally complex and petitioner has not alleged that he is hindered from investigating the facts of this case." (Doc. 5.) Thereafter, Petitioner moved for reconsideration, asserting that his only access to legal help was a fellow inmate who served as a "jailhouse lawyer" and that without assistance of counsel he would be unable to present his claims. (Doc. 6.) The Court denied that motion on the same grounds as its first denial: the case is not so factually or legally complex that counsel is necessary. (Doc. 11.) Petitioner now seeks reconsideration of that denial, once again asserting that he lacks the training or understanding to adequately advance his interests. (Doc. 20.)

As noted in its prior orders, there is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Instead, the Court considers the factual complexity of the issues, the ability of the indigent person to investigate the

facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

The Court once again concludes that this case is not so legally or factually complex that Petitioner is unable to present his claims. Of note, Petitioner's claims all relate to alleged failures by trial counsel that do not require substantial factual investigation. The bulk of the Court's evaluation will therefore deal with court records and appointed counsel is not necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner George Fede's Motion to Reconsider (Doc. 20), is **DENIED**.

Dated this 26th day of May, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE