UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GEORGE FEDE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-00029-JAR |
| | ) |
| DAN REDINGTON, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner George Fede's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 8). The Amended Petition is fully briefed and ready for disposition. For the reasons discussed below, the Amended Petition will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On January 28, 2013, a jury in Missouri state court convicted Petitioner of one count of first-degree statutory sodomy under Mo. Rev. Stat. 566.062.[1] (Doc. 8 at 1). Petitioner was sentenced to twelve years and six months' imprisonment. (*Id.*; Doc. 18-7 at 147). Petitioner completed direct review of his conviction on November 12, 2014 and subsequently sought post-conviction relief. (Doc. 15 at 7). Post-conviction relief review completed on January 10, 2019 when the Missouri Court of Appeals issued its mandate. (Doc. 15-7).

Petitioner timely filed a petition for writ of habeas corpus on April 10, 2019. (Doc. 1). *See* 28 U.S.C. § 2244(d). Petitioner filed an Amended Petition with leave of this Court (Doc. 5) on May 9, 2019. (Doc. 8). Liberally construed, the Amended Petition states four grounds for relief:

---

[1] Mo. Rev. Stat. 566.062.1 provides that "[a] person commits the offense of statutory sodomy in the first degree if

1

        <u>Ground One</u>: Inadequate Foreign Language Interpretation

        <u>Ground Two</u>: Admission of Prior Bad Acts Evidence

        <u>Ground Three</u>: Ineffective Assistance of Trial Counsel

        <u>Ground Four</u>: Ineffective Assistance of Appellate Counsel

## II.     LEGAL STANDARD

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may not grant a writ of habeas corpus as to any claim that was adjudicated on the merits in state court proceedings unless such adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context

---

he or she has deviate sexual intercourse with another person who is less than fourteen years old."

where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Finally, a state court decision is based on an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1111 (8th Cir. 2004) (citations omitted). The petitioner must rebut this presumption by clear and convincing evidence. *Rice v. Collins*, 546 U.S. 333, 338-39 (2006).

**III.   DISCUSSION**

<u>Ground One: Inadequate Foreign Language Interpretation</u>

Petitioner contends that the Missouri Court of Appeals "applied an objectively unreasonable determination of the facts as to the trial court's abuse of discretion" in declining to declare a mistrial. (Doc. 8 at 4). The trial court used interpreters for the testimony of the victim's parents, whose primary language was Creole. Both Respondent and the Missouri Court of Appeals acknowledge that the use of interpreters presented challenges at trial. Despite the trial judge explicitly advising the interpreters to "only translate the actual words," it became apparent that certain statements were not being perfectly translated. (Doc. 18-6 at 9). Petitioner's trial counsel objected that there was "quite a bit of discussion . . . between [the victim's father] and the interpreter that was [ ] not being translated" and that this presented a "huge due process issue." (*Id.* at 77-78). The trial judge interpreted counsel's objection as a motion for mistrial and denied the motion, finding that Petitioner's due process rights had not been, "in any serious way, compromised." (*Id.* at 79). At sentencing, the trial judge again stated he was "satisfied that the interpreters were adequate, and satisfied that they did not intentionally mislead anyone and did their best." (Doc. 18-7 at 136-37).

Courts have generally held there is "no constitutional 'right' to flawless, word for word

3

translations." *United States v. Gomez*, 908 F.2d 809, 811 (11th Cir. 1990) (citing *United States v. Joshi*, 896 F.2d 1303, 1309 (11th Cir. 1990)); *see also Nguyen v. Booker*, 496 Fed. App'x 502, 506 (6th Cir. 2012) (collecting cases suggesting constitutional right to interpreter in state court is not clearly established).[2] While there is no fixed test for assessing the constitutional adequacy of an interpreter in a criminal trial, and word-for-word translation is always preferable, "occasional lapses in the standard will not necessarily contravene a defendant's constitutional rights." *United States v. Long*, 301 F.3d 1095, 1105 (9th Cir. 2002) (citing *United States v. Lim*, 794 F.2d 469, 470-71 (9th Cir. 1986)); *cf. Meas v. Ashcroft*, 363 F.3d 729, 730 (8th Cir. 2004) (considering similar issues in immigration context).

Petitioner claims that the trial judge should have declared a mistrial due to the inadequate translation. The decision to declare a mistrial is left to the "sound discretion" of the trial judge, and the power should only be used "with the greatest caution, under urgent circumstances, and for very plain and obvious cases." *Renico v. Lett*, 559 U.S. 766, 774 (2010) (quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)). For purposes of review under § 2254, the operative question is whether the trial judge's declining to declare a mistrial "rendered [Petitioner's] trial fundamentally unfair." *Weston v. Dormire*, 272 F.3d 1109, 1113 (8th Cir. 2001) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 510 (9th Cir. 1994)).

The Missouri Court of Appeals relied heavily on the Eleventh Circuit's decision in *Gomez*, and specifically its admonition that defendants do not have a constitutional right to flawless translation. (Doc. 15-3 at 3). The Missouri Court of Appeals reasonably assessed that "the point at which a translation fails to pass constitutional muster is fact-specific," and the "ultimate question is whether the interpreter's performance rendered the proceedings

---

[2] The Court Interpreters Act, which establishes requirements for interpreters in federal court, does not apply here. 28 U.S.C. § 1827. Missouri law requires that courts "appoint qualified interpreters and translators in all legal proceedings in which the non-English speaking person is a party or witness." MO. REV. STAT. § 476.803.

fundamentally unfair." (*Id.* at 5). This analysis is consistent with the Eighth Circuit's guidance that the "basic inquiry" when assessing failure to provide adequate interpretation is "whether such failure rendered the trial fundamentally unfair." *United States v. Gallegos-Torres*, 841 F.2d 240, 242 (8th Cir. 1988). The following passage from the Missouri Court of Appeals' decision merits quoting in full, as it is the primary factual basis on which the court determined it was appropriate for the trial judge not to declare a mistrial:

> We acknowledge that both the defense and the State raised concerns about conversations between the interpreters and the witness. But, the fact that both sides raised concerns, in and of itself, does not necessarily mean that the interpreters were providing an inadequate translation. And although counsel expressed concern at different points in the proceeding, the record shows that these were often speculative claims. Critically, no record exists of what was really being said. We realize an adequate record may be difficult to establish. Although defense counsel generally complained, counsel did not ask the interpreters what they and the witnesses were saying back and forth to one another . . . . On the record before us, we cannot conclude what was being said was truly improper and beyond the scope of questions asked, or if the conversations had any impact on the witnesses' testimony and the defendant's right to a fair trial.
>
> Defendant contends that he struggled to effectively impeach the witnesses due to the difficulties with the interpreters. Some of the cited complaints regarding the interpreters, when read in context, simply show that the witness was being nonresponsive to the question. The fact that a witness is stubborn and refuses to answer questions on cross-examination does not mean that the interpreter is incompetent . . . . The trial court, in denying defendant's request for a mistrial, noted that defendant was able to make his point very well and that the witness was stubborn and inconsistent in his statements. (*Id.* at 6-7).

Petitioner essentially argues that the "fact-poor record," or that not everything said between the witnesses and interpreters was translated, renders the trial court's decision unreasonable. But the law does not provide that the existence of such off-the-record exchanges automatically establishes a due process violation or requires a mistrial. *See Long*, 301 F.3d at 1105 (Upholding conviction even though "[t]here is no way to know what really happened between the witness and the interpreter, nor determine the adequacy of the translation."). Instead, as *Long* suggests, we must "view interpreter problems within the context of an entire trial." *Id.*

5

(citing *United States v. Anguloa*, 598 F.2d 1182, 1185 (9th Cir. 1979)); *see also United States v. Huang*, 960 F.2d 1128, 1135-36 (2d Cir. 1992) ("[D]eviations from the ideal do not automatically require reversal.").

The Missouri Court of Appeals has not unreasonably applied the facts to Petitioner's case because its analysis of the trial is supported by the record. While there were clearly challenges, the trial judge reasonably concluded that the interpreters' performance did not render the trial fundamentally unfair. The record reflects moments of confusion, occasional minor mistranslations, and an interpreter's voluntary provision of marginally relevant facts.[3] This was not a case where the interpreters summarized key testimony rather than attempt to provide word-for-word translation. *See Valladares v. United States*, 871 F.2d 1564 (8th Cir. 1989) (discussing interpreter's summary of testimony to defendant). The Missouri Court of Appeals reasonably determined that there was "little chance that these minor variations had any effect on the jury such that the jury would have found defendant not guilty had the information not been provided by the interpreter." (Doc. 15-3 at 6). As to Petitioner's ability to impeach the witnesses, the court noted that many of these difficulties were the result of a stubborn witness and the confusing nature of certain questions by counsel. (*Id.* at 7). This Court must give deference to the Missouri Court of Appeals' legal judgment and factual findings. Because Petitioner has not identified any unreasonable determination of law or facts, habeas relief is not warranted as to Ground One.

Ground Two: Admission of Prior Bad Acts Evidence[4]

Petitioner contends that the Missouri Court Appeals unreasonably applied the facts in

---

[3] The interpreter appears to have translated "Sunday" instead of "Saturday" and volunteered the date of an earthquake in Haiti. (Doc. 18-6 at 58-59). Neither of these facts were critical to the defense.

[4] Petitioner briefly suggests within this ground for relief that there was insufficient evidence to support his conviction. (Doc. 8 at 7). This claim was never raised on direct appeal, however, and is accordingly procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Petitioner has offered no argument justifying

reviewing the trial court's admission of prior bad acts evidence. At trial, the court admitted testimony from a detective and neighbor suggesting that Petitioner left his young son unattended when the statutory sodomy investigation began. (Doc. 18-6 at 120-21, 146-48). A neighbor entered the home, saw the supposedly unattended child, and took him to her house. Petitioner's trial counsel filed a motion *in limine* claiming that this was not admissible evidence of flight, especially since it was unclear if Petitioner had in fact left the home when the neighbor entered. The trial court denied the motion after extensive consideration, and informed Petitioner's trial counsel that she had "wide latitude on cross-examination to correct any misunderstanding" regarding whether Petitioner had in fact left his son unattended. (Doc. 18-4 at 126).

Petitioner faces a high bar on habeas review in challenging a Missouri trial court's decision to admit evidence under state rules, since "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 63 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Accordingly, a state court's evidentiary ruling will only warrant federal habeas relief when the ruling was "so gross," "conspicuously prejudicial," or "otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process." *Wood v. Lockhart*, 809 F.2d 457, 459 (8th Cir. 1987) (citations omitted). The Eighth Circuit has explicitly held that "there is no due process violation simply because a trial court admits evidence of a defendant's uncharged bad acts." *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999) (citing *McDaniel v. Lockhart*, 961 F.2d 1358, 1360 (8th Cir. 1992)).

First, this Court finds that Petitioner's claim is procedurally defaulted because trial counsel failed to object to admission of the evidence, though counsel did file a motion *in limine*. The Missouri Court of Appeals reviewed this claim for plain error in its discretion pursuant to

---

excusal of the default.

Missouri Supreme Court Rule 30.20, while noting that "issues raised in a motion *in limine* preserve nothing for appeal." (Doc. 15-3 at 8-9) (citing *State v. Mason*, 428 S.W.3d 746, 754 (Mo.App. 2014); *State v. Mickle*, 164 S.W.3d 33, 55 (Mo.App. 2005)). The Eighth Circuit has clarified that a state court of appeals' discretionary plain error review does not cure a procedural default for federal habeas purposes. *Clark v. Bertsch*, 780 F.3d 873 (8th Cir. 2015); *see also Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985).

Second, this Court holds that the admission of evidence of prior bad acts did not violate Petitioner's due process rights. The Missouri Court of Appeals concluded that the evidence was admissible under two standard exceptions to the prohibition on prior bad acts: "to present a complete and coherent picture of the events that transpired;" and as "evidence of defendant's consciousness of guilt," or flight. (Doc. 15-3 at 10-11). Such exceptions have been recognized by the Eighth Circuit. *See Harris*, 184 F.3d at 752-53 (sequent of events evidence); *United States v. Roy*, 843 F.2d 305, 310 (8th Cir. 1988) (flight evidence). Petitioner has offered no persuasive argument that the Missouri Court of Appeals' determinations were unreasonable or that the admission of the prior bad acts evidence rendered the trial fundamentally unfair.

<u>Ground Three: Ineffective Assistance of Trial Counsel</u>

Each of Petitioner's remaining grounds for relief allege ineffective assistance of counsel. Federal review under § 2254 of an ineffective assistance of counsel claim is "doubly deferential." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). First, Petitioner must meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), by demonstrating that (1) counsel's performance fell below an objective standard of reasonableness and (2) Petitioner was prejudiced. Second, Petitioner must demonstrate that the state court's adjudication of his ineffective assistance claim was unreasonable. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [Petitioner] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)).

Petitioner contends that trial counsel rendered ineffective assistance by failing to properly advise him of his right to testify at trial. A criminal defendant has the constitutional right to testify at trial. *Rock v. Arkansas*, 483 U.S. 44, 52 (1987) ("In fact, the most important witness for the defense in many criminal cases is the defendant himself."). Any waiver of this right must be knowing and voluntary. *Frey v. Schuetzle*, 151 F.3d 893, 898 (8th Cir. 1998). Counsel's refusal to permit a defendant to testify constitutes ineffective assistance. *King v. Roper*, No. 4:04-CV-1672 CDP/MLM, 2005 WL 1518291, at *8 (E.D. Mo. June 24, 2005). But absent extraordinary circumstances, counsel's advice not to testify will be considered sound trial strategy and not ineffective assistance. *Thomas v. Purkett*, No. 4:07-CV-460 CDP, 2008 WL 509549, at *5 (E.D. Mo. Feb. 22, 2008).

On this issue, the Missouri Court of Appeals affirmed the judgment of the motion court, which held an evidentiary hearing. At the evidentiary hearing, Petitioner stated he informed trial counsel he wanted to testify but trial counsel failed to explain that it was Petitioner's ultimate decision. Trial counsel responded that she had multiple conversations regarding whether Petitioner would testify at trial, and Petitioner said he wanted to testify, but trial counsel advised him not to do so. (Doc. 15-6 at 4-5). Trial counsel stated she was "fairly certain" that she explained to Petitioner that it was his decision and that she generally makes this clear to her clients but could not specifically recall when such conversation occurred. (*Id.* at 5). Petitioner's primary argument before this Court is that trial counsel's inability to remember the specific conversation indicates such conversation never occurred.

9

The Missouri Court of Appeals reasonably determined that Petitioner had been properly advised of his right to testify. Such finding is clearly supported by the following exchange at trial:

> Trial Counsel: Your Honor, I have spoken with my client regarding his [c]onstitutional right to testify, as well as his [c]onstitutional right not to testify. He has chosen in this case that he will not be testifying.
>
> The Court: Thank you. [Petitioner], I don't want you to speak to me, but I want to make you aware of your rights with some degree of clearness and clarity. No one can force you to testify against your will. If you decide not to testify, no one is allowed to make a comment about your silence to the jurors. If you make this decision, and I understand you have made this decision not to testify, it should be made after careful consultation with your lawyer. If you choose to testify, it will be subjected to cross-examination by the prosecutor. Now, I need to understand, first, do you understand what I have just told you?
>
> Petitioner (through interpreter): Yes.
>
> The Court: And is your decision as your lawyer has announced it?
>
> Petitioner: Yes. (Doc. 18-7 at 75-76).[5]

Considering this exchange, the Missouri Court of Appeals agreed with the motion court's finding that trial counsel was a credible witness. Petitioner has provided no evidence to suggest this was an unreasonable factual determination, and this Court is cognizant that federal courts "are not permitted to substitute our judgment as to the credibility of witnesses for that of the state court." *Graham v. Solem*, 728 F.2d 1533, 1541 (8th Cir. 1984) (citations omitted); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Therefore, habeas relief is not warranted as to Petitioner's third ground for relief because there is no evidence that the Missouri Court of Appeals' factual assessment is unreasonable.

---

[5] It appears that when cross-examined in front of the motion court, Petitioner again admitted that he "thought it was his choice whether to testify, but both of his attorneys thought he should not testify and he thought it was in his best interest not to testify if his attorneys recommended he should not testify." (Doc. 8 at 45).

Ground Four: Ineffective Assistance of Appellate Counsel

In his final ground for relief, Petitioner contends that appellate counsel rendered ineffective assistance by failing to challenge the verdict director. Generally, appellate counsel is not required to raise every non-frivolous or colorable claim on appeal, and "absent contrary evidence, we assume that appellant counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (quoting *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)). The prejudice standard is also rigorous, as Petitioner must demonstrate that there is a reasonable probability that the result of his appeal would have been different if the objection had been made. *Chambers v. Bowersox*, 157 F.3d 560, 566 (8th Cir. 1998).

Petitioner claims that appellate counsel should have objected to the verdict director on the grounds that it permitted a non-unanimous verdict in a multiple-acts case. In other words, the jury arguably could have convicted without unanimously agreeing as to which specific act of statutory sodomy occurred.[6] In an evidentiary hearing before the motion court, appellate counsel explained that she considered objecting but determined it was not advisable based on the nature of the trial and her interpretation of relevant Missouri precedent. (Doc. 15-6 at 11). As described by the motion court, appellate counsel claimed she "could not think of a better way to submit the

---

[6] The verdict director read as follows:

> Instruction No. 5: As to Count I, if you find and believe from the evidence beyond a reasonable doubt [that, *inter alia*] . . . on or about January 1, 2010 to May 3, 2010 . . . [Petitioner] knowingly placed his hand to [the victim's] genitals . . . then you will find [Petitioner] guilty under Count I of statutory sodomy in the first degree.
>
> Instruction No. 6: As to Count II, if you find and believe from the evidence beyond a reasonable doubt [that, *inter alia*] . . . on or about January 1, 2010 to May 3, 2010 . . . [Petitioner] knowingly placed his hand to [the victim's] genitals *in an incident occurring after the incident referred to in Count I* . . . then you will find [Petitioner] guilty under Count II of statutory sodomy in the first degree. (Doc. 15-6 at 10).

11

two counts." (Doc. 8 at 44). The Missouri Court of Appeals found that the "record and case law supports Appellate Counsel's assessment of the issue." (*Id.*) (citations omitted).[7] Given the clear evidence in the record that appellate counsel considered her strategic options and determined not to object to the director, there is no basis for this Court to conclude that such decision was unreasonable. Under the doubly deferential standard applicable to such reviews, moreover, this Court finds that the Missouri Court of Appeals reasonably applied *Strickland* to the facts of Petitioner's claim in affirming the motion court's decision.

## IV. EVIDENTIARY HEARING

Discussing Ground One, Petitioner suggests that "[a]n evidentiary hearing is and would be required, because the said record was inadequate." (Doc. 8 at 5). An evidentiary hearing is not necessary, however, because the Missouri Court of Appeals reasonably applied federal law and assessed the facts in reviewing Petitioner's claims. The Amended Petition presents clear questions of law which require no further factual development. Granting an evidentiary hearing "would not assist in the resolution of [Petitioner's] claim." *Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002) (quoting *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002)). Petitioner has not identified a new rule of law or factual predicate which could not have been previously discovered. *See* 28 U.S.C. § 2254(e)(2). Accordingly, the request for an evidentiary hearing is denied.

---

[7] Petitioner's claim was based on the Missouri constitution. Respondent argues that the federal constitution does not require a unanimous verdict in state proceedings. While that was true at the time Respondent submitted its brief, the Supreme Court has since held that unanimous verdicts are constitutionally required in state criminal proceedings. *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). The Supreme Court is set to decide whether *Ramos* applies retroactively on federal collateral review. *Edwards v. Vannoy*, 140 S. Ct. 2737 (2020). In any event, this development does not speak to the reasonableness of appellate counsel's decision at the time it was made.

## V.   CONCLUSION

Petitioner brings four grounds for relief in his Amended Petition, each of which was thoroughly addressed on the merits by the Missouri Court of Appeals. As to Ground One, Petitioner has not demonstrated that the translation of the victim's parents' testimonies rendered his trial fundamentally unfair, or that the Missouri Court of Appeals unreasonably analyzed the issue. On Ground Two, Petitioner has not carried the heavy burden required to establish that admission of prior bad acts evidence "fatally infected the trial." *Wood v. Lockhart*, 809 F.2d 457, 459 (8th Cir. 1987) (citations omitted). Finally, Petitioner has not overcome the doubly deferential standard of review applicable to each of his ineffective assistance of counsel claims. The Missouri Court of Appeals reasonably determined that both trial and appellate counsel rendered effective assistance, and its application of *Strickland* was reasonable. For these reasons, the Amended Petition will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner George Fede's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 8).is **DENIED** and this case is hereby **DISMISSED**. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 9th day of March, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE